**SO ORDERED.**

**SIGNED this 04 day of October, 2006.**



_____
ROBERT E. NUGENT
UNITED STATES CHIEF BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

IN RE:  )
  )
NATHAN DOUGLAS BRENZIKOFER, ) Case No. 05-12833
  ) Chapter 7
    Debtor. )
  )

**MEMORANDUM OPINION AND ORDER
GRANTING TRUSTEE'S MOTION FOR TURNOVER**

J. Michael Morris, trustee of the bankruptcy estate of Nathan Douglas Brenzikofer, seeks an order requiring debtor to turnover a 2004 Honda TRX450R ("the ATV") for liquidation. The debtor objects, asserting that because he is current on his payments, K.S.A. 16a-5-109 protects him from repossession of the property notwithstanding the trustee's having avoided and retained the creditor's lien on the ATV pursuant to 11 U.S.C. §§ 544 and 550.[1]

---

[1] Unless otherwise noted, all further statutory references in the text are to Title 11 of the United States Code.

The parties submitted this matter to the Court on stipulated facts[2] and briefs.[3] After careful review of the stipulations and authorities, the Court is now ready to rule and makes its findings of facts and conclusions of law in accordance with Fed. R. Civ. P. 52 and Fed. R. Bankr. P. 7052.

Jurisdiction

This turnover proceeding is a core proceeding over which the Court has subject matter jurisdiction.[4]

Findings of Fact

On January 30, 2004, the debtor purchased a 2004 Honda ATV from Motor Sports, Inc. pursuant to a purchase contract in which the he granted Motor Sports, Inc. a security interest in the ATV. Motor Sports, Inc. assigned the contract and security interest to American Honda Finance Corporation. The purchase contract provides for sixty (60) monthly payments of $132.50 beginning February 29, 2004.

Debtor filed a Chapter 7 petition on May 11, 2005.[5] Debtor listed the ATV on his Schedule B with a market value of $6,000.00, and listed Honda Financial Services as a secured creditor on the ATV with a claim of $6,200.00 on Schedule D. The debtor did not claim the ATV as exempt.

On January 13, 2006, the trustee obtained default judgment against Motor Sports, Inc.

---

[2] Dkt. 42.

[3] Dkts. 43, 44 and 45.

[4] *See* 28 U.S.C. § 157(b)(1) and (2)(E) and § 1334(b).

[5] Because this case was filed prior to October 17, 2005, the 1978 Code applies.

2

and American Honda Financial Corporation, avoiding and preserving their lien. On September 13, 2005, the trustee filed this motion for turnover. Since then, debtor began making payments to his attorney and these payments were forwarded to the trustee. As of June 1, 2006, the trustee has received $1,420 from the debtor for the ATV. The trustee does not claim that the debtor is in default on his payments. Debtor has at all times remained in the possession and control of the ATV.

Analysis

To prevail on a motion for turnover, the trustee has the burden to prove that the property sought is in fact property of the bankruptcy estate and that the debtor was in possession, custody or control of the property sought.[6] Section 542(a) requires an entity having such possession, custody or control to deliver the property to the trustee for the benefit of the creditors. Section 521(4) requires debtors to surrender any property of the estate to the trustee.

The term "property " is not defined in the Code. Section 541 generally describes property of the estate as comprising all legal or equitable interests of the debtor in property as of the commencement of the case, wherever located and by whomever held.[7] The scope of § 541 is broad and includes all kinds of property, including tangible or intangible property, causes of action, and all other forms of enumerated properties.

---

[6] *In re Wagers*, 340 B.R. 391, 411 (Bankr. D. Kan. 2006)(prerequisite for trustee's recovery of tax refunds under turnover provision is that property sought is property of bankruptcy estate); *In re Himes*, 179 B.R. 279 (Bankr. E.D. Okla. 1995)(burden of proof in turnover proceeding is on trustee); and *In re Muniz*, 320 B.R. 697, 699-700 (Bankr. D. Colo. 2005)(turnover order appropriate if the trustee demonstrates the debtor received or had possession of estate property and is in possession of it at the time turnover motion was filed).

[7] § 541(a)(1).

Employing the academic metaphor of property as a "bundle of sticks" with each stick within the bundle representing a particular right held by the owner, the Court concludes the ATV is property of the estate. Although the debtor may have had no equity in the ATV when he filed bankruptcy, he had legal title and a possessory interest in it. The fact that the ATV was encumbered did not remove it from the estate. Absent a valid claim of exemption, the ATV unquestionably remains property of the estate.

Debtor asserts that because the trustee stands in the shoes of a secured creditor enforcing American Honda's avoided lien, the nonexempt status of the property is irrelevant and the trustee is somehow bound by the terms of the debtor's underlying obligation to American Honda. The Court disagrees. When a debtor files a bankruptcy petition under chapter 7, he is required by § 521(4) and § 542 to turn over to the bankruptcy trustee all property in his possession that is not exempt.[8] This is so whether or not the asset is encumbered.

Since the ATV is property of the estate and the debtor remains in possession of it, the trustee may recover the asset from the debtor notwithstanding Debtor's assertion that the trustee's right to turnover is limited to that of the avoided lien creditor's right to possession as limited by the Kansas Uniform Consumer Credit Code ("Kansas UCCC"). Under Kan. Stat. Ann. § 16a-5-109, a secured party may seek turnover of the collateral from the debtor only where (1) the debtor has defaulted in his payments or (2) the prospect of payment, performance, or realization of the collateral is significantly impaired. Relying on *Lowry Federal Credit Union v. West*,[9] Debtor argues that because he is current on his payments and there is no allegation of

---

[8] *In re Muniz*, 320 B.R. at 699.

[9] 882 F.2d 1543 (10th Cir. 1989).

"significant impairment," he is entitled to retain the property and continue to make payments to the trustee. This proposition was espoused in *Lowry* and is commonly known as the "fourth option."[10]

*Lowry* is about a pre-BAPCPA debtor's right to retain collateral while remaining current on his underlying obligation. This case is about whether the ATV is property of the estate (it is) and whether the debtor controls or possesses it (he does). Here, the trustee must prevail. Whether the Debtor is current or not, the trustee is always first in line to possess property of the estate under § 542. Even if the trustee had not avoided the American Honda lien, he would still be entitled to possession of the ATV, albeit subject to that lien. He could liquidate the ATV under §363(f), pay off the secured creditor, and retain any surplus for the benefit of the unsecured creditors. While he might be faced with a question about the prudence of administering an asset in which there is no equity for the estate, he would remain legally entitled to possess the asset for the benefit of the creditors. In this case, the trustee not only seeks possession of the asset, but he has also retained the American Honda lien for the benefit of the estate. With the turnover of the ATV, the estate's lien rights and possessory rights merge, leaving the estate with an unencumbered asset, ripe for liquidation.[11]

---

[10] In *Lowry*, the Tenth Circuit held that a debtor was not required to redeem the collateral or reaffirm a debt if all obligations owed on that debt were current. That court concluded that a debtor's failure to comply fully with § 521(2) does not give a secured creditor an automatic right to repossess the collateral because there is no specific penalty for such a failure. The Tenth Circuit affirmed the bankruptcy court order allowing the debtors to retain the collateral without reaffirming or redeeming. The "fourth option" has been eliminated by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). *See In re Rowe*, 342 B.R. 341 (Bankr. D.Kan. 2006). This case, however, is a pre-BAPCPA case.

[11] It is important to distinguish this case from those in which the trustee avoids, preserves, and enforces a lien on a debtor's *exempt* property. In those cases, the trustee's sole

In short, the Court views the trustee's motion to turnover this non-exempt asset as an effort to collect another "stick" for the estate. It is ultimately the trustee's duty to collect the property of the estate "as expeditiously as is compatible with the best interests of the parties in interest."[12] This motion accomplishes that.

For the foregoing reasons, the trustee's motion for turnover is GRANTED. Debtor is ordered to turnover the ATV to the trustee forthwith.

# # #

---

right to possess the exempt asset arises from the avoided lien as the asset is not a part of the estate. Here, the trustee's right of possession arises from §§ 521 and 542.

[12] 11 U.S.C. § 704(1).